**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CINDY BULTRON PIZARRO,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-01418<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Cindy Pizarro brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under Title XVI of the Social Security Act. Transcript, doc. 6-2 at 25. She challenges the Administrative Law Judge's (ALJ) step two and residual functional capacity determinations. *See* Pl.'s Br., doc. 9 at 1-2. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On January 10, 2023, Pizarro applied for disability benefits under Title XVI of the Social Security Act, alleging onset of disability beginning

January 10, 2023. Doc. 6-3 at 2. Following an initial denial, Pizarro submitted an appeal, requesting a hearing before an ALJ. Doc. 6-4 at 40. The ALJ conducted the hearing and determined that Pizarro was not disabled. Doc. 6-2 at 25.

Pizarro filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Pizarro's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 9, 12) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 5.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 416.920(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 416.920(a)(4)(i)–(v).

At step four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 416.945(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Pizarro "has not been under a disability . . . since January 10, 2023, the date the application was filed." Doc. 6-2 at 25. The ALJ determined at the RFC stage that Pizarro has the ability "to perform medium work as defined in 20 CFR 416.967(c) except for the following

additional limitations: The claimant should avoid concentrated exposure to temperature extremes; humidity; fumes; odors; dust; gases; and poor ventilation." *Id.* at 22. The ALJ denied Pizarro's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 24.

On appeal, Pizarro argues that the ALJ erred by: (1) failing to assess appropriate limitations resulting from Pizarro's impairments that the ALJ found to be severe; and (2) failing to find certain impairments to be severe at step two. Doc. 9 at 13, 21. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d

198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial

evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Pizarro is disabled, but whether the Commissioner's finding that Pizarro is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he

court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Pizarro argues that the ALJ erred by: (1) failing to assess appropriate limitations resulting from Pizarro's impairments that the ALJ found to be severe; and (2) failing to find certain impairments to be severe at step two. Doc. 9 at 13, 21. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ's RFC findings are supported by substantial evidence.

Pizarro first argues that the ALJ failed to include limitations resulting from his impairments that the ALJ found to be severe in the RFC. *See id.* at 13. Specifically, Pizarro argues that "more substantial exertional and non-exertional limitations should have been included in Claimant's RFC, which other than holding Claimant to work at the

medium exertional level, only includes limitations related to Claimant's asthma." *Id.*

"Allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999), citing 20 C.F.R. § 404.1529. Here, the ALJ's RFC findings included all limitations that are supported by the medical evidence. Although Pizarro argues that the ALJ ignored limitations such as being off task or her need to take breaks (doc. 9 at 17-18), the record before the ALJ did not contain evidence to support Pizarro's testimony that these functional limitations were warranted. *See Davis v. Comm'r of Soc. Sec.*, 240 F. App'x 957, 960-61 (3d Cir. 2007) (finding that substantial evidence supports the ALJ's RFC determination because a plaintiff's preferred limitation was not consistent with the medical evidence). For instance, the ALJ explained that despite a sprain of the knee in 2023, by May 2024 Pizarro "reported no pain in her knee and was ambulating without an assistive device." Doc. 6-2 at 24. Upon examination, Pizarro showed normal gait and ability to walk on her heels and toes without difficulty, and she needed no help getting on and off the exam table and could rise from a chair without difficulty. *See id.* at 23. As for Pizarro's

asthma, the ALJ included environmental limitations in the RFC despite the record supporting no evidence of acute exacerbations and repeat examinations showing normal respiratory efforts. *See id.* at 23, 27.

Because the record before the ALJ contained no clinical evidence to support Pizarro's subjective testimony of her functional limitations, the ALJ did not err in excluding any further exertional and non-exertional limitations. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 148 (3d Cir. 2007) ("The record before the ALJ is the touchstone for determining which limitations should be included in an RFC assessment.").

### B. The ALJ's findings regarding non-severe impairments are supported by substantial evidence.

Pizarro next argues that the ALJ erred by finding other impairments were not severe and failing to consider the effects of those impairments. Doc. 9 at 19, 21.

The ALJ considered all of Pizarro's medically determinable impairments. To the extent the ALJ failed to discuss the non-severe impairments at the RFC stage, the error was harmless. The ALJ explained and cited to the record at step two explaining why the non-severe impairments did not warrant further consideration. *See* doc. 6-2 at 18 ("The record indicates that the claimant's incontinence is

managed with medication."). Pizarro's medical evidence does not demonstrate that further limitations were warranted from the non-severe impairments, and he fails to point the Court to any evidence that the ALJ failed to consider.

Further, even if the ALJ had erred in considering some of Pizarro's impairments as non-severe, that error was rendered harmless as the ALJ proceeded to further steps in the five-step analysis. *See Orr v. Comm'r of Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020) (explaining that a step two error is not a valid basis for remand when an ALJ concludes in favor of a claimant and progresses to a later step).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 2, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge